1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IVAN MATTHEWS,                                    1:08-cv-01691-OWW-DLB HC

                Petitioner,            FINDINGS AND RECOMMENDATION
                                                  REGARDING RESPONDENT'S MOTION TO
    v.                                          DISMISS

                                                  [Doc. 17]
SUSAN FISHER, et. al.,

              Respondent.
_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.

BACKGROUND

      On March 17, 2006, the Board of Parole Hearings' ("Board") found Petitioner unsuitable
for parole.  On August 23, 2006, Petitioner filed a state habeas corpus petition in the Kings
County Superior Court raising several challenges to the Board's decision.  The Kings County
Superior Court forwarded the petition to the Los Angeles County Superior Court, which received
the petition on September 11, 2006.  (Exhibit 2, to Motion, April 19, 2007 Los Angeles County
Order.)  The court ordered Petitioner to serve a copy of the petition on the Attorney's General
Office as required by California Penal Code section 1475.  (Id.)  The court specifically ordered
that Petitioner lodge a complete copy of the petition including exhibits with the court clerk for
service on the Attorney General's Office.  (Id.)

      Upon receiving a copy of Petitioner's petition and exhibits, the court ordered Petitioner to

1

1  submit a copy of the complete transcript of the March 17, 2006 parole hearing.  (Exhibit 3, June

2  1, 2007 Los Angeles County Order.)  Petitioner submitted the transcript and the superior court

3  served a copy of the petition on the Attorney General's Office on June 25, 2007.  (Exhibits 5, 6.)

4  On August 22, 2007, the superior court denied the petition in a reasoned decision.  (Exhibit 6.)

5  On October 18, 2007, Petitioner filed a state petition for writ of habeas corpus in the

6  California Court of Appeal, Second Appellate District. (Exhibit 7.)  The court denied the petition

7  on November 9, 2007, citing In re Rosenkrantz, 29 Cal.4th 616, 667 (2002).  (Exhibit 8.)

8  Petitioner then proceeded to petition the California Supreme Court on March 24, 2008.  (Exhibit

9  9.)  The petition was denied on August 27, 2008, with citation to People v. Duvall, 9 Cal.4th 464,

10  474 (1995). (Exhibit 10.)

11  Petitioner filed the instant federal petition for writ of habeas corpus on October 13, 2008.

12  (Court Doc. 1.)  Respondent filed the instant motion to dismiss on January 16, 2009, and

13  Petitioner filed oppositions on February 2 and 4, 2009, both appear to be an exact copy.  (Court

14  Docs. 17, 18, 20.)  Respondent filed a reply on February 9, 2009.  (Court Doc. 22.)

15  DISCUSSION

16  A.  Procedural Grounds for Motion to Dismiss

17  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

18  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

19  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

20  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

21  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

22  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

23  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

24  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

25  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

26  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

27  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

28  Supp. at 1194 & n. 12.

2

1    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. §

2   2244(d)(1)'s one-year limitations period and 28 U.S.C. § 2254(b)(1)(A)'s failure to exhaust the

3   state court remedies.  Therefore, the Court will review Respondent's motion to dismiss pursuant

4   to its authority under Rule 4.

5   B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

6        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

7   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

8   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

9   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

10   S.Ct. 586 (1997).  The instant petition was filed on October 22, 2008, and thus, it is subject to the

11   provisions of the AEDPA.

12        The AEDPA imposes a one year period of limitation on petitioners seeking to file a

13   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

14   subdivision (d) reads:

15        (1)  A 1-year period of limitation shall apply to an application for a writ of
           habeas corpus by a person in custody pursuant to the judgment of a State court.
16        The limitation period shall run from the latest of –

17             (A) the date on which the judgment became final by the conclusion of
           direct review or the expiration of the time for seeking such review;
18
               (B) the date on which the impediment to filing an application created by
19         State action in violation of the Constitution or laws of the United States is
           removed, if the applicant was prevented from filing by such State action;
20

21             (C) the date on which the constitutional right asserted was initially recognized
           by the Supreme Court, if the right has been newly recognized by the Supreme Court and
22         made retroactively applicable to cases on collateral review; or

23             (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due diligence.
24
           (2) The time during which a properly filed application for State post-
25         conviction or other collateral review with respect to the pertinent judgment or
           claim is pending shall not be counted toward any period of limitation under this
26         subsection.

27

28

1    In most cases, the limitations period begins running on the date that the petitioner's direct

2    review became final. In a situation such as this where the petitioner is challenging a parole board

3    decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations

4    commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d

5    1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions

6    and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual

7    predicate" of the inmate's claim that triggers the commencement of the limitations period).

8    In a situation such as this where the petitioner is challenging a parole board decision, the

9    Ninth Circuit has held that direct review is concluded and the statute of limitations commences

10    when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th

11    Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the

12    Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of

13    the inmate's claim that triggers the commencement of the limitations period).

14    Respondent submits that the limitations period began to run on March 17, 2006, the date

15    the Board's decision finding Petitioner unsuitable for parole became final, and Petitioner had

16    one-year thereafter to file a timely federal petition. Respondent's argument is flawed.

17    At the time the Redd decision was rendered, September 11, 2003, California prisoners

18    could contest the Board's adverse parole decision by filing an administrative appeal from the

19    final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on

20    May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code Regs.

21    tit. 15, § 2050 et seq. (2004).

22    Now, a parole consideration hearing decision, such as the March 17, 2006 decision in this

23    instance, is considered a proposed decision until it passes through a decision review process.

24    Cal. Code Regs., tit. 15, § 2041(h). All proposed decisions become final within 120 days unless

25    the Board finds an error of law, the decision was based on an error of fact, or if new information

26    when corrected or considered by the Board has a substantial likelihood of resulting in a

27    substantially different decision on rehearing. Id.; Cal. Penal Code § 3041(b) ("any decision of

28    the parole panel finding an inmate suitable for parole shall become final within 120 days of the

4

1  date of the hearing.  During that period, the board may review the panel's decision.")

2      Accordingly, here, the Board's adverse decision rendered on March 17, 2006, was merely

3  a proposed decision that did not become final until 120 days thereafter, on July 15, 2006.  (See

4  Exhibit 1, to Motion, March 17, 2006 Decision of Board, at 69.)  Thus, the factual predicate of

5  Petitioner's claim accrued on this date, which is the date the Board's decision became final.  The

6  statute of limitations began to run the next day, July 16, 2006, and Petitioner had one-year

7  thereafter to file a timely petition, i.e. July 16, 2007.  28 U.S.C. § 2244(d)(1)(D); Shelby v.

8  Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

9  C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

11  application for State post-conviction or other collateral review with respect to the pertinent

12  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

13  U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is

14  tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

15  during the intervals between one state court's disposition of a habeas petition and the filing of a

16  habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also

17  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000).

18  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if

19  the state court explicitly states that the post-conviction petition was timely or was filed within a

20  reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

21  546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been

22  untimely in state court will not satisfy the requirements for statutory tolling. Id.

23      Petitioner filed a state habeas corpus petition in the Kings County Superior Court on

24  August 23, 2006.  The Kings County Superior Court forwarded the petition to the Los Angeles

25  County Superior Court, which received the petition on September 11, 2006.  (Exhibit 2, April 19,

26  2007, Los Angeles County Order.)  On April 19, 2007, the court directed Petitioner to serve a

27  copy of the petition on the Office of the Attorney General and the failure to do so would result in

28  the dismissal of the petition.  (Id.)  The court also extended time to rule on the matter.  (Id.) On

1    June 1, 2007, the court directed Petitioner to submit a complete copy of the transcripts of his

2    parole hearing and held the petition in abeyance.  (Exhibit 3.)  After Petitioner submitted a copy

3    of the transcripts, the superior court served a copy of the petition on the Attorney General's

4    Office.  (Exhibit 5.)  On August 22, 2007, the superior court denied the petition in a reasoned

5    decision.  (Exhibit 6.)  The California Court of Appeal denied the petition on November 9, 2007,

6    and the California Supreme Court denied the petition on August 27, 2008.  (Exhibits 8, 10.)

7          Respondent argues that the state court petition filed in the Los Angeles County Superior

8    Court was not properly filed and does not serve to toll the limitations period under section

9    2244(d)(2).  Respondent specifically argues that the Superior Court did not properly filed his

10   state habeas petition until June 25, 2007, because the previous submissions were not properly

11   filed, but had curable deficiencies.  Respondent's argument is not persuasive.

12          Contrary to Respondent's argument, the Los Angeles County Superior Court accepted

13   and filed the state court petition on August 23, 2006, in case number BH 004250.  (See Exhibits

14   2 & 3, to Motion.)  On April 19, 2007, the Superior Court merely ordered Petitioner to serve a

15   copy of the petition on the Office of the Attorney General or the petition would be dismissed.

16   (Exhibit 2.)  Then, on June 1, 2007, the Superior Court directed Petitioner to submit a complete

17   copy of the transcripts and held the petition in abeyance.  (Exhibit 3.)  Thereafter, the Court

18   denied the petition on the merits on August 22, 2007.  (Exhibit 6.)

19          Respondent presents no solid authority for the proposition that the state court petition was

20   not "properly filed" in the Los Angeles Superior Court in this instance.  In fact, the single case

21   cited by Respondent, Artuz v. Bennett, 531 U.S. 4 (2000) deals with petitions that a court

22   erroneously deems improperly filed based on a procedural default, not petitions that may be

23   deemed improperly filed for failure to serve the opposing party or failure to submit a copy of the

24   complete record.

25          This case is more analogous to the circumstances present in Gaston v. Palmer, 417 F.3d

26   1030 (9th Cir. 2005).  There, the Ninth Circuit found that a state court petition denied on the

27   ground that it did not pled the factual circumstances with sufficient particularity or "for lack of an

28   adequate record" were denials without prejudice and could not be deemed "improperly filed."

417 F.3d at 1039.  Likewise, here, notwithstanding the fact that the Superior Court never

dismissed the state court petition, the Court merely ordered that Petitioner serve a copy of the

petition on the Office of the Attorney General and submit a complete copy of the transcripts, both

of which were mere procedural flaws, not "a holding that the application was improperly filed."

Id.  Accordingly, Petitioner is entitled to statutory tolling from the date of filing-August 23, 2006

to August 22, 2007-the date the petition was denied.  Therefore, at the time the first state court

petition was filed only 38 days of the one-year limitations had expired.  In addition, there is no

basis before the Court to find that the subsequent state court petitions do not also serve to toll the

limitations period, and Petitioner is therefore entitled to interval and statutory tolling for the

entire time the two subsequent state court petitions were pending, i.e. August 22, 2007 through

August 27, 2008.  With the benefit of this tolling, the instant petition filed on October 13, 2008 is

timely, and Respondent's motion to dismiss on this basis should be denied.[1]

D.    Exhaustion State Court Remedies

        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

        A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court.

Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

----

        [1] In light of the timeliness of the petition given the applicable statutory tolling, the Court need not address
any argument for equitable tolling.

1    Additionally, the petitioner must have specifically told the state court that he was raising a

2    federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

3    F.3d 1240, 1241 (9ᵗʰ Cir.1998).  For example, if a petitioner wishes to claim that the trial court

4    violated his due process rights "he must say so, not only in federal court but in state court."

5    Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

6    insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

7    Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

8    that the "due process ramifications" of an argument might be "self-evident."); Gray v.

9    Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

10   must include reference to a specific federal constitutional guarantee, as well as a statement of the

11   facts which entitle the petitioner to relief.").

12        Additionally, the petitioner must have specifically told the state court that he was raising

13   a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

14   669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9ᵗʰ

15   Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9ᵗʰ Cir.1998).  In Duncan, the United States

16   Supreme Court reiterated the rule as follows:

17        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
     of state remedies requires that petitioners "fairly presen[t]" federal claims to the
18   state courts in order to give the State the "'opportunity to pass upon and correct
     alleged violations of the prisoners' federal rights" (some internal quotation marks
19   omitted). If state courts are to be given the opportunity to correct alleged violations
     of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
20   are asserting claims under the United States Constitution. If a habeas petitioner
     wishes to claim that an evidentiary ruling at a state court trial denied him the due
21   process of law guaranteed by the Fourteenth Amendment, he must say so, not only
     in federal court, but in state court.
22

23   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24        Our rule is that a state prisoner has not "fairly presented" (and thus
     exhausted) his federal claims in state court unless he specifically indicated to
25   that court that those claims were based on federal law. See Shumway v. Payne,
     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
26   Duncan, this court has held that the petitioner must make the federal basis of the
     claim explicit either by citing federal law or the decisions of federal courts, even
27   if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889
     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
28   underlying claim would be decided under state law on the same considerations

8

1   that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
2   195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
    (9th Cir. 1996); . . . .

3        In <u>Johnson</u>, we explained that the petitioner must alert the state court to
4   the fact that the relevant claim is a federal one without regard to how similar the
    state and federal standards for reviewing the claim may be or how obvious the
5   violation of federal law is.

6   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

7        Respondent argues that Petitioner failed to exhaust his state judicial remedies because his

8   petition to the California Supreme Court was denied for procedural reasons, namely, the failure

9   to state adequate grounds for relief and attach supporting documentation, citing <u>People v. Duvall</u>,

10  9 Cal.4th 464, 474 (1995).  Respondent is correct.

11       <u>Duvall</u> reiterates the requirement that an application for habeas corpus "should both (I)

12  state fully and with particularity the facts on which relief is sought, as well as (ii) include copies

13  of reasonably available documentary evidence supporting the claim, including pertinent portions

14  of trial transcripts and affidavits or declarations." <u>Duvall</u>, 9 Cal.4th at 474 (citations omitted).

15       In <u>Kim v. Villalobos</u>, the Ninth Circuit considered a state court petition denied with a

16  citation to <u>In re Swain</u>, 34 Cal.2d 300 (1949), which stands for the proposition that a petitioner

17  has failed to state his claim with sufficient particularity.  The court found that the state court's

18  citation to <u>Swain</u> meant that the claims were unexhausted due to the pleadings defects.  However,

19  the court stated that it was "incumbent" upon the district court, in determining whether the

20  federal standard of "fair presentation" of a claim to the state courts had been met, to

21  independently examine the petition presented to the California Supreme Court.  <u>Kim</u>, 799 F.2d at

22  1320.  "The mere recitation of <i>In re Swain</i> does not preclude such relief."  <u>Id</u>.

23       In the California Supreme Court, Petitioner raised several constitutional challenges to the

24  Board's finding of unsuitability of parole at his hearing March 2006 hearing.  (Exhibit 9, to

25  Motion.)  Petitioner's failure to submit a copy of the Board hearing transcript along with his

26  petition was sufficient justification for the state court to dismiss his petition under <u>Duvall</u>.

27  Because Petitioner could and should have alleged his claims with greater particularity by

28  submission of a copy of the transcript of his parole hearing, the state habeas corpus petition filed

1   in the California Supreme Court, did not satisfy the exhaustion requirement, and the instant

2   petition must be dismissed.  Coleman v. Thompson, 501 U.S. at 731 ("This Court has long held

3   that a state prisoner's federal habeas petition should be dismissed if the prisoner has not

4   exhausted state remedies as to any of his federal claims."); Jiminez v. Rice, 276 F.3d 478, 481

5   (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss

6   immediately,' as the petition contained no exhausted claims.") Therefore, the instant petition is

7   unexhausted and must be dismissed.

8          In opposition, Petitioner requests that the Court stay the instant petition to allow him to

9   return to state court to exhaust his claims.  In Rhines v. Weber, 544 U.S. 269, 277-278 (2005),

10  the Supreme Court held that a district court has discretion to stay a mixed petition to allow a

11  petitioner to present his unexhausted claims to the state court in the first instance and then to

12  return to federal court for review of his perfected petition.  The Supreme Court noted that, while

13  the procedure should be "available only in limited circumstances," it "likely would be an abuse

14  of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had

15  good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and

16  there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at

17  278.  The basis of the ruling in Rhines was premised on the fact that the petition was "mixed"

18  containing both exhausted and unexhausted claims.

19         Here, the Court is not presented with a "mixed" petition; rather, the instant petition

20  contains only unexhausted claims.  Therefore, the stay and abeyance procedure discussed in

21  Rhines does not apply.  In addition, the Ninth Circuit Court of Appeals pre-Rhines stay and

22  abeyance procedure is likewise not applicable for the same reason.  See Robbins v. Carey, 481

23  F.3d 1143, 1148 (9th Cir. 2007) (discussing the three-step-stay-and-abeyance procedure

24  applicable to "mixed" petitions.).  Accordingly, Petitioner's motion for a stay of the proceedings

25  should be denied.

26                                        RECOMMENDATION

27         Based on the foregoing, it is HEREBY RECOMMENDED that:

28         1.  Respondent's motion to dismiss the instant petition as time-barred under § 2244(d)(1)

                                                  10

1    be DENIED;

2    2.   Respondent's motion to dismiss the petition as unexhausted be GRANTED;

3    3.   Petitioner's request to stay the proceedings be DENIED; and,

4    4.   The instant petition for writ of habeas corpus be DISMISSED, without prejudice.

5    This Findings and Recommendation is submitted to the assigned United States District

6    Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

7    the Local Rules of Practice for the United States District Court, Eastern District of California.

8    Within thirty (30) days after being served with a copy, any party may file written objections with

9    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

10   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

11   and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

12   objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

13   636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

14   may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

15   Cir. 1991).

16   _____

17       IT IS SO ORDERED.

18   **Dated:   February 13, 2009**              _____ **/s/ Dennis L. Beck** _____
                                                   UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28